THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:21-cv-322

| | |
|---|---|
| STEPHANIE BOTTOM )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CITY OF SALISBURY, )<br>OFFICERS DEVIN BARKALOW ADAM BOUK, )<br>Individually and in their official capacities )<br>as Salisbury City police officers; and )<br>DEPUTY MARK BENFIELD, )<br>Individually and in his official capacity as )<br>a Rowan County Deputy; )<br>SHERIFF KEVIN AUTEN, )<br>In his official capacity as Sheriff of Rowan County, )<br>THE PENNSYLVANIA NATIONAL MUTUAL, )<br>CASUALTY INSURANCE COMPANY, as Surety; )<br>    Defendants. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

NOW COMES the Plaintiff, through undersigned counsel, and files this Memorandum of Law in Support of Plaintiff's Motion for Leave to Amend her Complaint.

### STATEMENT OF THE CASE

On April 21, 2021, Plaintiff filed her Complaint against Defendants, alleging that she was unlawfully stopped, searched, and subjected to excessive force in the course of a traffic stop on May 30, 2019 in Salisbury, NC. On August 25, 2021, the Court entered an Order setting forth a schedule for discovery, and throughout the fall of 2021, the parties produced documents in

accordance with that order. The schedule also provided "that any amendments to the pleadings will be made on or before January 1, 2022. After this date, the Court will consider whether the granting of leave to amend would delay trial." [Dock. #22]

Plaintiff's original Complaint focused on Defendant's unlawful use of force against the Plaintiff and their unlawful search of Plaintiff's property. Additional information provided to the Plaintiff and her counsel in discovery suggests that Defendants were engaged in drug interdiction work at the time Plaintiff was stopped, searched, and subjected to the use of force that caused her injuries; that the purpose of Plaintiff's traffic stop was not speeding; and that the individual Defendants were motivated to stop Plaintiff and investigate her for drug activity in substantial part because of her race.

The Sheriff Defendants filed a response to Plaintiff's motion for leave to amend the complaint. [Dock. #32] Having conferred with the Sheriff Defendants regarding this claim, Plaintiff elected to only assert the racial discrimination, equal protection claim against the City Defendants. [Dock. #36] As a result, Plaintiff has filed this Motion for Leave to file the Second Amended Complaint, which asserts racial discrimination/equal protection claims against the City of Salisbury and the City of Salisbury officers, for stopping Plaintiff in substantial part because of race, and for racial discrimination in the use of force against motorists, citing new information about their treatment of similarly-situated white motorists. The proposed Second Amended Complaint pleads the racial profiling claim against the individual Salisbury Police Defendants with more particularity, to include traffic stop data, collected pursuant to N.C. Gen. Stat. 143B-903, associated with the two named Salisbury officer Defendants.

Plaintiff therefore requests the leave of the Court to file the attached proposed Second Amended Complaint, to add new allegations and a cause of action for selective enforcement of

the law in violation of the Fourteenth Amendment to the U.S. Constitution against the City Defendants.

## STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading by leave of Court and that the Court should grant such leave freely "when justice so requires." F.R.Civ. P. 15(a). "The Fourth Circuit Court of Appeals has expressed a policy of 'liberally allow[ing] amendment[.]' " McNeely v. Wells Fargo Bank, N.A., No. 2:13-CV-25114, 2015 WL 1543124, at *2 (S.D.W. Va. Apr. 2, 2015) (quoting Scott v. Family Dollar Stores, 733 F.3d 105, 112 (4th Cir. 2013)). "Although the decision whether to grant leave [to amend] rests within the sound discretion of the district court, the federal rules strongly favor granting leave to amend." Medigan of Kentucky, Inc. v. Public Service Com'n of West Virginia, 985 F.2d 164, 167-68 (4th Cir. 1993) (internal citation omitted) (citing Foman v. Davis, 371 U.S. 178,182, 83 S.Ct. 227, 230 (1962)); Chisolm v. Transouth Financial Corp., 95 F.3d 331,338 (4th Cir. 1996) (reversing district court's refusal to permit amendment as abuse of discretion).

## ARGUMENT

Courts uniformly focus on three factors when evaluating a motion to amend: (1) prejudice to the opposing party; (2) bad faith in filing the amendment; and (3) futility: "[A] district court should deny a party's leave to amend a pleading only when: (1) the amendment would be unduly prejudicial to the opposing party; (2) there has been bad faith on the part of the moving party; or (3) the amendment would be futile." Gray v. Lewis, 915 F.Supp. 747, 757 (E.D.N.C. 1994) (citing Foman, 371 U.S. at 182, 83 S. Ct. at 230), *aff'd in part, vacated in part*, 51 F.3d 426 (4th Cir. 1995). Thus, while the decision to grant or deny a motion to amend is within the discretion of the court, "it must focus on prejudice, bad faith, or futility as being the only legitimate concerns in

exercising that discretion." GSS Properties, Inc. v. Kendale Shopping Center, 119 F.R.D. 379, 380 (M.D.N.C. 1988), citing Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 279 (4th Cir. 1987). None of these concerns are present here.

**A. The Proposed Amendment does not Unduly Prejudice Defendants**

The proposed amendment adds new facts relating to drug interdiction work on the part of the defendant officers and adds a new Fourteenth Amendment-based claim of selective enforcement of the law against the Plaintiff in violation of equal protection. Under the circumstances, Defendants will suffer no prejudice. *Cf.* Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (district court abused its discretion in denying motion to amend to add additional facts where additional allegations either arose from same controversy as balance of the complaint or had been obtained from discovery obtained regarding matters already in complaint).

**B. The Plaintiff is not Proceeding in Bad Faith**

The Plaintiff is not proceeding in bad faith. When Plaintiff filed her original Complaint, the Plaintiff and her counsel harbored suspicions that the Defendants had engaged in unlawful race-based profiling when they decided to stop Plaintiff; however, counsel was mindful of the standard that federal complaints must be plead with sufficient particularity. Information subsequently provided to Plaintiff's counsel in discovery has lent credence to counsels' and Plaintiff's suspicions. Plaintiff's counsel has also had the opportunity to conduct an additional investigation of facts concerning the Defendants' pattern of racially-disparate traffic stops, searches, and uses of force, as well as Defendants' substantial failure to comply with a North Carolina general statute mandating the collection of demographic data of people pulled over in traffic stops.

**C. The Proposed Amendment is not Futile**

The proposed Second Amended Complaint is not futile, since the new claim is well grounded in fact and law. It asserts that individual Salisbury officers targeted Plaintiff—an elderly African American woman, wearing her hair in dreadlocks, with out-of-state license plates—for drug enforcement, on the basis of her race. The Plaintiff also asserts the similarly situated white drivers who failed to heed blue lights were not subjected to force or excessive force during their stops, and that the City of Salisbury engages in a pattern and practice of racially selective use of force.

## CONCLUSION

The Court should grant this request for leave to file an amended complaint.

Respectfully submitted, this February 17, 2022

>*//s// C. Scott Holmes*
>C. Scott Holmes
>Attorney for Plaintiff
>North Carolina Central University
>Civil Litigation Clinic
>640 Nelson Street
>Durham, North Carolina 27707
>Telephone: (919) 530-7463
>Fax: (919) 530-7982
>Email: Scott.holmes@nccu.edu
>N.C. Bar No. 25569
>
>*//s// Ian A. Mance*
>Ian A. Mance
>Attorney for Plaintiff
>Emancipate NC
>P.O. Box 309
>Durham, North Carolina 27702
>Telephone: (828) 719-5755
>Email: ian@emancipatenc.org
>N.C. Bar No. 46589

# CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE THE SECOND AMENDED COMPLAINT** was filed electronically with the Clerk of Court using CM/ECF system, which will send notification of such filing to the following:

>Scott D. MacLatchie
>Hall Booth Smith, P.C.
>11215 North Community House Road
>Suite 750
>Charlotte, NC 28277
>980-949-7820
>SMacLatchie@hallboothsmith.com
>*Attorney for Defendants Devin Barkalow,*
>*Adam Bouk, and the City of Salisbury*
>
>Christian Ferlan
>Hall Booth Smith, P.C.
>11215 North Community House Road
>Suite 750
>Charlotte, NC 28277
>980-9859-0380
>CFerlan@hallboothsmith.com
>*Attorney for Defendants Devin Barkalow,*
>*Adam Bouk, and the City of Salisbury*
>
>Patrick G. Spaugh
>Womble Bond Dickinson (US), LLP
>One West Fourth Street
>Winston-Salem, NC 27101
>704-331-4962
>Patrick.Spaugh@wbd-us.com
>*Attorney for Defendants Sheriff*
>*Kevin Auten and Mark Benfield*
>
>James R. Morgan, Jr.
>Womble Bond Dickinson (US), LLP
>One West Fourth Street
>Winston-Salem, NC 27101
>336-721-3710
>Jim.Morgan@wbd-us.com
>*Attorney for Defendants Sheriff*
>*Kevin Auten and Mark Benfield*

Respectfully submitted this February 17, 2022

/s/ C. Scott Holmes

C. SCOTT HOLMES  
North Carolina Central University  
Civil Litigation Clinic  
640 Nelson Street  
Durham, NC 27707  
Telephone: (919) 530-7463  
Fax: (919) 530-7982  
Email: scott.holmes@nccu.edu